## PAULINE AYALA *v.* B AND B REALTY COMPANY

SUPERIOR COURT    HARTFORD COUNTY    FILE No. 180189

Memorandum filed December 3, 1974

*RisCassi, Davis & Linnon,* of Hartford, for the plaintiffs.

*Wilson, Asbel & Channin,* and *Rogin, Nassau, Caplan, Lassman & Borden,* both of Hartford, for the defendant.

SANTANIELLO, J. In the above-entitled matter, the plaintiff, Pauline Ayala, who brings this suit through her next friend, Awilda Ayala, alleges that she was a tenant of the defendant and that the apartment in which she and her family were residing was on the second floor. She further alleges that she is a child of three years who fell from a window in the apartment and sustained personal injuries.

The plaintiff alleges that "the only means of ventilation available to the occupants of said apartment was open windows covered by ill-fitting, adjustable screens supplied by the defendant." The complaint has been brought in three counts, namely, the first count in negligence, the second count in nuisance, and the third count for damages sustained by the father of the plaintiff, based on the theories of the first two counts.

The defendant has demurred to all three counts. As to the demurrer to the first count and that part of the third count of the plaintiff's complaint which sounds in negligence, the defendant claims that the facts alleged in the first count of the plaintiff's complaint are insufficient in law to constitute an action in tort, because (a) the first count of the plaintiff's complaint does not state concisely and with substantial certainty substantive facts necessary to constitute a cause of action; (b) no right of recovery exists for the plaintiff against the defendant; (c) the allegations contained in the first count are merely conclusions of law unsupported by legally sufficient averments of fact; and (d) there are no allegations of fact in any of the numbered paragraphs of the first count of the plaintiff's complaint on which to predicate a violation of any legal duty owed by the defendant to the plaintiff.

A demurrer seeks to test a pleading as a matter of law and admits all of the allegations of the pleading for the purpose of such a test. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549. When a complaint is attacked by a demurrer, the complaint is construed in a manner most favorable to the pleader. *McAdam* v. *Sheldon,* 153 Conn. 278. The defendant claims that, given their most favorable construction, the facts alleged in the first count of the plaintiff's complaint as amended as of November 16, 1973, are insufficient in law to con-

stitute an action in tort and that there is no allegation of fact on which to predicate a violation of any legal duty owed by the defendant to the plaintiff.

"Connecticut subscribes to the common-law view that a landlord is under no obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repair of defects therein in the absence of an agreement, express or implied to the contrary. . . . One of the many exceptions to this rule, however, is *where the landlord retains control of a portion of the demised premises.* In such a case the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition. *Panaroni* v. *Johnson,* . . . [158 Conn. 92,] 98; *Douglass* v. *95 Pearl Street Corporation,* 157 Conn. 73 . . . ; *Masterson* v. *Atherton,* 149 Conn. 302 . . . . In order to demonstrate a breach of this duty the plaintiff must show that the defendants had actual knowledge of the defect or that they were chargeable with constructive notice of it, because, had they exercised a reasonable inspection of the premises, they would have discovered it." (Italics supplied.) *Pollack* v. *Gampel,* 163 Conn. 462, 468. The plaintiff in paragraph four of the complaint alleges that the defendant exercised control over the premises including the aforementioned windows and screened devices. In addition thereto, the plaintiff alleged several acts of negligence on the part of the defendant in paragraph six of the complaint. In paragraph 6 (g) of the amended complaint, the plaintiff alleges that "the defendant knew or in the exercise of reasonable care and inspection should have known of the aforesaid conditions and should have taken measures so as to make said windows and screens secure and thus safe for use in an apartment tenanted by children of minor years but this they [sic] carelessly and negligently failed to do."

In addition to the above, in paragraph 6 (f) of the plaintiff's complaint, the allegation is made that the defendant failed to warn tenants that the screens were not secure and thus could easily be pushed from the windows. By this allegation, the plaintiff implies that she had no notice, actual or constructive, of the defect and required a warning from the landlord about the defect. In order for the plaintiff's negligence count to be viable, she must, however, allege that the injury was proximately caused by a defect of which she had no actual or constructive notice and of which the landlord was aware. In order for the plaintiff to defend against the defendant's demurrer, there must be two things alleged to the satisfaction of the court. The plaintiff must first allege that the injury was proximately caused by a defect of which she had no actual or constructive notice and, secondly, that the landlord had actual or constructive notice of that defect.

A landlord must warn his tenant of latent defects in the demised premises of which the landlord had actual or constructive notice. 49 Am. Jur. 2d, Landlord and Tenant, § 788; Wright & FitzGerald, Conn. Law of Torts (2d Ed.) § 57. On the other hand, the landlord has no duty to warn the tenant of apparent defects. 49 Am. Jur. 2d, Landlord and Tenant, § 788. A defect is latent when the tenant would have neither actual nor constructive notice of it. A defect is apparent when the tenant has either actual or constructive notice of it.

A landlord's failure to warn the tenant does not imply that the defect was latent and that the tenant had no actual or constructive notice of it. *O'Neill* v. *Minneapolis Street Railway Co.*, 213 Minn. 514, 518. A landlord has a duty to warn of a defect only when it is latent, and the plaintiff must allege that

she had neither actual nor constructive notice of that defect because of its latent character. In order for the plaintiff's action in negligence to be viable, she must allege that the defect which caused the injuries was, in fact, a latent defect.

In view of the foregoing, the demurrer to the first count and that part of the third count of the plaintiff's amended complaint which sounds in negligence is hereby sustained.

As to the demurrer to the second count and that part of the third count of the plaintiff's complaint which sounds in nuisance, an actionable nuisance must contain each of the essential elements of either a public or private nuisance. *Webel* v. *Yale University*, 125 Conn. 515. The second count and so much of the third count as has alleged certain conditions which constitute a nuisance do not contain any allegations that the plaintiff was in the exercise of any public right, and thus those counts do not allege any actionable public nuisance. Ibid.

A tenant may not sue his landlord in nuisance for a defect in the demised premises. *Collette* v. *Piela*, 141 Conn. 382. That rule is based on the fact that, by definition, the demised premises are under the tenant's exclusive control. *Corrigan* v. *Antupit*, 131 Conn. 71. A suit in nuisance in this case is, therefore, not necessarily precluded by that rule since the plaintiff has alleged that the landlord exercised control, at all times mentioned, over the premises including the aforementioned window screen devices. The defect alleged here is apparently an ill-fitting screen which did not protect the plaintiff from falling out of the "extraordinary low-silled" window.

A cause of action in private nuisance requires an interest in real property. Our Supreme Court has

stated that "a private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* supra, 525. Prosser states: "The original character of private nuisance as an invasion of interests in land has been preserved. Apparently *any interest sufficient to be dignified as a property right will support the action.* . . . [I]t may be maintained by the holder of an easement, such as a right of way *or a right to passage, light and air.* . . . Once the invasion of the property interest is established, . . . consequential damages to the possessor which result from it, such as injuries to his own health . . . may be recovered." (Italics supplied.) Prosser, Torts (4th Ed.) § 89, p. 593.

In reviewing the plaintiff's complaint, paragraph three states that "on said date, *the only means* of ventilation available to the occupants of said apartment was open windows covered by ill-fitting, adjustable screens supplied by the defendant corporation, its servants, agents and/or employees in order to prevent infestation of premises."

Connecticut cases have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance. *Jubb* v. *Maslanka,* 22 Conn. Sup. 373. Consequently, based on the foregoing, the demurrer to the second count and that part of the third count of the plaintiff's complaint which sounds in nuisance is hereby overruled.

The demurrer to the first count and that part of the third count of the plaintiff's amended complaint which sounds in negligence is sustained; the demurrer to the second count and that part of the third count which sounds in nuisance is overruled.