[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants' move to strike counts two and four of the plaintiff's amended complaint.
The present case arises out of the plaintiff, the Connecticut Light and Power Company, incurring expenses in complying with the Connecticut Department of Environmental Protection's order to clean up an oil leak allegedly caused by the defendants', Michael Streckfus and the Streckfus Company, damage to the plaintiff's padmount transformer. On February 20, 1995, the plaintiff filed a six-count amended complaint against the defendants alleging the following. The damage to the plaintiff's padmount transformer was caused by the defendants when they were removing snow and ice from the plaintiff's property pursuant to an agreement between the parties. For purposes of the present motion to strike, this court's focus is on the allegations in counts two and four of the amended complaint. Count two of the plaintiff's amended complaint sets forth a claim for trespass, and count four sets forth a claim for nuisance.
On March 16, 1995, the defendants filed a motion to strike and a supporting memorandum of law. The defendants move to strike on the grounds that count two fails to state a claim in trespass and count four fails to state a claim in nuisance. The plaintiff filed a memorandum of law in opposition to the motion to strike on May 24, 1995.
"The purpose of a motion to strike is to contest . . . the CT Page 12481-G legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2., 650 A.2d 153
(1994).
"If facts provable under the allegations would support a defense or a cause of action, a motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384. "If the plaintiff's complaint . . . contains the necessary elements of [the cause of action] it [will] survive a motion to strike." D'Ulisse-Cupo v. Board of Notre DameHigh School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
Count Two — Trespass
In support of their motion, the defendants argue that count two fails to state a cause of action in trespass because the "plaintiff has admitted . . . that the defendants were on their property pursuant to an agreement to provide snow and ice removal." (Defendants' Memorandum in Support of Motion to Strike, p. 4.). Having both the "permission to enter the plaintiff's land" and "a contract mandating that they enter upon the plaintiff's land for the purpose of removing snow," the defendants argue that their entrance upon the plaintiff's property was with the consent of the owner, justified and a complete defense to trespass. (Id., p. 5.).
The plaintiff counters that "[t]here is no allegation that the transformer was located in an area such as the parking lots and roads surrounding the warehouse; instead, the allegation is made that the transformer was located in a storage area near the warehouse." (Plaintiff's Objection to Motion to Strike, ¶ 4.).[1] The plaintiff argues that "(1) the issues being raised by the defendants . . . are factual ones, which must be resolved by the trier of fact; and (2), even if they were legal issues, the Second Count clearly states a cause of action in trespass, since an intrusion upon a storage CT Page 12481-H area where a transformer was located was not protected by a limited license to clear the snow and ice from parking lots and roads." (Id., ¶ 5.).
In order to recover on a common law trespass action, a plaintiff must show "[1] ownership or possessory interest in property; [2] the physical invasion, entry or intrusion by defendant which affects the plaintiff's possessory rights; [3] intent to do that which causes the invasion and [4] a direct injury to the plaintiff's property." Caltabiano v. Jimmo,
judicial district of Fairfield at Bridgeport, Docket No. 68929 (May 5, 1995, Tobin, J.), quoting Avery v. Spicer, 90 Conn. 576,579, 98 A. 135 (1916). "The action of trespass to land is used most commonly to describe the intentional and wrongful invasion of another's real property." Blackburn v. Miller-StephensonChemical Company, judicial district of Danbury, Docket No. 314089 (Jan. 12, 1995, Stodolink, J.). "A trespass on real estate is the doing of direct injury to property by force." Lake Garda Improvement Association v. Battistoni,160 Conn. 503, 516, 280 A.2d 877 (1971). "The plaintiff must prove possession, title and the absence of actual exclusive possession in another." Id., 517.
In count two, the plaintiff alleges that it entered into an agreement wherein the "defendants agreed to provide all necessary, labor, equipment and material to remove snow and ice from the parking lots and roads located at the plaintiff's Berlin complex, including the areas surrounding the Central Warehouse," which the plaintiff owned. (Plaintiff's Amended Complaint, dated February 20, 1995, count two, ¶ 3.).[2] The plaintiff further alleges that the defendants were "operating snow plowing equipment and vehicles owned by them or their agents, servants or employees, when a certain padmount transformer located in a storage area near the Central Warehouse was struck and damaged as a result of said activities by the defendants." (Id., ¶ 4.). As a result of this damage, the plaintiff alleges that "oil had leaked from the transformer into the surrounding environment" and "the Connecticut Department of Environmental Protection issued an order requiring that the plaintiff perform an environmental cleanup of the oil contaminated areas." (Id., ¶¶ 5, 6.). In complying with this order, the "plaintiff incurred substantial losses and expenses in connection with cleaning up the soil around the transformer and in connection with the repair of the damaged transformer." (Id., ¶ 7.). The plaintiff claims CT Page 12481-I that the defendants' actions constituted a trespass because "their agents, servants or employees caused their equipment to strike the plaintiff's transformer, without license or permission from the plaintiff, and caused damage and loss thereby." (Id., ¶ 8.).
Based on the allegations of count two, the plaintiff has sufficiently alleged a claim for trespass. Viewing the complaint in the light most favorable to the pleader, the plaintiff has sufficiently alleged its ownership of the property, entry on the property by the defendants which affected the plaintiff's possessory rights, intent to enter on the property, and direct injury.
For the purposes of the present motion to strike this court finds irrelevant the defendants' argument that their entrance upon the plaintiff's property was with the consent of the owner and thus justified. A justification or a defense would require this court to look beyond the allegations of the amended complaint. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,244 Conn. 215. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v.Marselle, 38 Conn. App. 360, 364, ___ A.2d ___ (1995). Therefore, the plaintiff has sufficiently alleged a claim for trespass. Accordingly, the defendants' motion to strike is denied.
Count Four — Nuisance
In their memorandum of law in support of their motion to strike, the defendants argue that count four fails to set forth a cause of action in nuisance because the plaintiff did not allege the elements of a public or a private nuisance. Specifically, the defendants maintain that their actions "would clearly not have a natural tendency to create the danger and inflict the injury upon a person or property such as the damage complained of[;] . . . [that the] plaintiff fully admits that the defendants were on his property pursuant to a contract for employment, [and that] the use of the plaintiff's land could not have been unreasonable or unlawful." (Defendants' Memorandum in Support of Motion to Strike, p. 8.)
The plaintiff counters that [1] "it was the owner of the CT Page 12481-J land which was contaminated as a result of the defendants' actions; [2] that the defendants' actions created environmental damage to that private property owned by the plaintiff; [3] that there was a leakage of oil from the transformer on to the property, which was obviously a continuing problem." (Plaintiff's Objection to Motion to Strike, ¶ 10.). The plaintiff argues that "the contamination was not a reasonable use of the plaintiff's land, and . . . the nuisance caused the injury and damage to the plaintiff and its property." (Id.).
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348,568 A.2d 786 (1990). In order to recover on a nuisance action, a plaintiff must prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damage."Tomasso Brothers, Inc. v. October Twenty-Four, Inc., 221 Conn. 194,197, 601 A.2d 1011 (1992), aff'd, 230 Conn. 641,646 A.2d 133 (1994).
Nuisances are characterized as either public or private. An actionable nuisance must contain each of the essential elements of either a public or private nuisance. Ayala v. BB Realty Co., 32 Conn. Sup. 58, 337 A.2d 330 (Super.Ct., 1974). When a public nuisance is claimed, the plaintiff must further establish "that the condition or conduct complained of interfered with a right common to the general public. . . ." (Citations omitted; internal quotation marks omitted.) Doe v.Manheimer, 212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989). A nuisance is public "where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled." Massey v. The Mall at BucklandHills, 9 CSCR 233, 233 (Feb. 4, 1994, Sheldon, J.). "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership interest in land." Cruz v. Tosado, judicial district at Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.), quoting Webel v. Yale University, 125 Conn. 515,524, 7 A.2d 215 (1939). "[Private nuisance] includes all injuries to an owner or occupier in the enjoyment of the CT Page 12481-K property of which he is in possession, without regard to the quality of the tenure." Couture v. Board of Education,6 Conn. App. 309, 314, 505 A.2d 432 (1986).
In count four, the plaintiff alleges that "the actions of the defendants . . . contaminated the property owned by the plaintiff and created and constituted a nuisance thereon." (Plaintiff's Amended Complaint, count four, ¶ 8.). The plaintiff further alleges that "[s]aid nuisance caused injury and damage to the plaintiff and its property." (Id., ¶ 9.).
The plaintiff has made no allegations "that the condition or conduct complained of interfered with a right common to the general public." Doe v. Manheimer, supra, 212 Conn. 755-56 n. 4. Therefore, the plaintiff has not sufficiently alleged a claim for public nuisance.
However, the plaintiff has alleged sufficient facts to bring a cause of action for private nuisance. In count four, the plaintiff alleges that the defendants' actions inflicted injury on its property, the injury was a continuing one, the use of the land was unreasonable, and the nuisance was the proximate cause of the injury. Thus, the plaintiff has sufficiently alleged a private nuisance claim. Accordingly, the defendants' motion to strike as to count four is denied.
M. Hennessey, J.