[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike counts two and three of the plaintiff's amended complaint, count two on the grounds that it fails to state a claim in nuisance, count three on the grounds that it fails to state a CUTPA claim.
On September 21, 1995, the plaintiff, Domenic Anzellotti, filed a three count amended complaint against the defendant, National Amusements, Inc. The cause of action arose after the plaintiff slipped and fell in the parking lot of the Showcase Cinema in Berlin, which the defendant owned. After viewing a motion picture at the theater, the plaintiff fell when he crossed over a large mound of plowed snow to travel from the theater entrance to the theater parking lot. In the amended complaint, the plaintiff alleges that "there was no pedestrian walkway leading from the aforesaid parking to the theater entrance, or if such walkway existed, it was concealed and covered by ice and snow." (Plaintiff's Third Revised Complaint, p. 2, ¶ 7.)
Count one of the plaintiff's amended complaint sets forth a cause of action in negligence, and count two sets forth a claim for nuisance. Count three alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), set forth as General Statutes § 42-110b(a).
On March 16, 1995, the defendant filed a motion to strike and a supporting memorandum of law. The plaintiff filed a memorandum of law in opposition to the motion to strike which is dated October 23, 1995.
"The purpose of a motion to strike is to contest . . . the CT Page 1331-KKKKK legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.)Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff."Novametrix Medical Systems, Inc. v. BOC Group, Inc., supra,224 Conn. 215. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2., 650 A.2d 153
(1994).
"If facts provable under the allegations would support a defense or a cause of action, a motion to strike must be denied." RK Constructors, Inc. v. Fusco Corp., supra,231 Conn. 384. "If the plaintiff's complaint . . . contains the necessary elements of [the cause of action] it [will] survive a motion to strike." D'Ulisse-Cupo v. Board of Notre DameHigh School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
Count Two — Nuisance
In support of its motion, the defendant argues that count two fails to state a cause of action in either public or private nuisance. The defendant argues that count two fails to state a private nuisance claim because the plaintiff was not injured in relation to a right enjoyed by reason of his ownership of an interest in land. Additionally, the defendant argues that count two fails to state a public nuisance claim because the plaintiff was not injured while exercising a right that constitutes a public right enjoyed by citizens as part of the public. The defendant argues that the plaintiff has claimed neither that the defendant's property constituted a public place where the public had a right to be nor that the plaintiff was on the defendant's property pursuant to a public right to use it.
The plaintiff counters that he has sufficiently alleged all the elements of a nuisance. In count two, paragraphs 19, 22-25 of the plaintiff's amended complaint state:
19. The condition of the aforesaid large mound of plowed snow separating the parking lot in front of the theater entrance from the theater entrance constituted a nuisance. CT Page 1331-LLLLL
22. Such condition had a rational [sic] tendency to create danger and inflict injury upon person or property.
23. The danger created by such condition was a continuing one.
24. The use of the land between the parking lot in front of the theater entrance and the theater entrance as a depository for plowed snow was unreasonable.
25. The existence of said condition was the proximate cause of the plaintiff's injuries.
The plaintiff also argues that "the plaintiff lawfully had a right to enter upon [the defendant's] property." (Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Strike, p. 8.)
The plaintiff relies on Keith v. Prime Hospital Corp.,9 CSCR 1048, 1049 (Aug. 5, 1994, Hartmere, J.), for the proposition that "[b]ecause the plaintiffs have alleged that the parking lot was accessible to the general public and dangerous to members of the public generally, the plaintiffs' allegations support a cause of action for public nuisance." The plaintiff argues that the allegation of public access to the parking lot is sufficient to establish a claim of public nuisance. Claiming that there was no pedestrian walkway, the plaintiff argues that there were only two means by which the plaintiff could gain access to the defendant's establishment: crossing the snow barrier or "walk[ing] in the travel portion of a road-way, publicly accessed, and designated for automobiles." (Plaintiff's Memorandum of Law in Opposition to the Defendant's Motion to Strike, p. 8.) The plaintiff claims that both of these choices were "defective" and may have been "inherently dangerous." (Id.)
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 Conn. 343, 348,568 A.2d 786 (1990). In order to recover on a nuisance action, a plaintiff must prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable CT Page 1331-MMMMM or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damage."Tomasso Brothers, Inc. v. October Twenty-Four Inc., 221 Conn. 194,197, 601 A.2d 1011 (1992), aff'd, 230 Conn. 641,646 A.2d 133 (1994).
There are two classifications of nuisance recognized in Connecticut: public and private. An actionable nuisance must contain each of the essential elements of either a public or private nuisance. Ayala v. B B Realty Co., 32 Conn. Sup. 58,337 A.2d 330 (Super.Ct., 1974). When a public nuisance is claimed, the plaintiff must further establish "that the condition or conduct complained of interfered with a right common to the general public . . . ." (Citations omitted; internal quotation marks omitted.) Doe v. Manheimer,212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989). A nuisance is public "where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled." Massey v. The Mall at Buckland Hills,9 CSCR 233, 233 (Feb. 4, 1994, Sheldon, J.). "The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights." Couture v. Boardof Education, 6 Conn. App. 309, 315, 505 A.2d 432 (1986), quoting Nolan v. New Britain, 69 Conn. 668, 678, 38 A. 703
(1897).
"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership interest in land." Cruz v. Tosado, judicial district of Hartford/New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.), quoting Webel v. Yale University,125 Conn. 515, 524, 7 A.2d 215 (1939). "[Private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Couture v. Board of Education,
supra, 6 Conn. App. 314.
Whether the elements necessary to establish a nuisance claim have been proven is usually a question of fact, TomassoBrothers, Inc. v. October Twenty-Four. Inc., supra, 221 Conn. 197, unless it is clear that it does not constitute a nuisance as a matter of law. Heritage Village Master Association, Inc.v. Heritage Village Water Co., 30 Conn. App. 693, 709,622 A.2d 578 (1993). CT Page 1331-NNNNN
In the present case, the plaintiff has specifically alleged neither a private nor a public nuisance. Regarding a claim for private nuisance, the plaintiff has made no allegation of his ownership in the land in question. Rather, the plaintiff has alleged that the defendant "exercised dominion and control over the parking lot and common area." (Plaintiff's Third Revised Complaint, p. 2, ¶ 13.) The plaintiff is precluded from recovering for private nuisance because he suffered no injury in relation to his ownership interest in land. Webel v. Yale University, supra, 125 Conn. 524-25.
Regarding a claim for public nuisance, the plaintiff has made no allegations "that the condition or conduct complained of interfered with a right common to the general public." Doev. Manheimer, supra, 212 Conn. 755-56 n. 4. The property in question is privately owned, yet it is held open to the public. "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. Yale University, supra, 125 Conn. 524-25.
In Smith v. Monitor Management, judicial district of Fairfield at Bridgeport, Docket No. 272186 (Jan. 9. 1991, Ballen, J.), the court stated that "[a]s a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the [mall], and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and he cannot base his right to recover upon the existence of a public nuisance." (CitingDahlstrom v. Roosevelt Mills, Inc., 27 Conn. Sup. 355,238 A.2d 431 (1967)). See, e.g., Massey v. The Mall at BucklandHills, supra, 9 CSCR 233. The plaintiff's argument that he had a legal right to enter upon the defendant's property is flawed because no such right ever existed. Although the public was invited to enter the defendant's establishment, there was no right to do so. The plaintiff was not acting as CT Page 1331-OOOOO a member of the general public, but instead as a visitor. Therefore, the plaintiff has not sufficiently alleged a claim for public nuisance because he was not in the exercise of a public right. Accordingly, since the plaintiff has not sufficiently alleged a cause of action in private or public nuisance, the defendant's motion to strike as to count two is granted.
Count Three — CUTPA
In its memorandum of law in support of its motion to strike, the defendant argues that count three fails to set forth a cause of action in CUTPA because the plaintiff's underlying personal injury claim is grounded in negligence. The defendant further argues that the plaintiff's allegations do not constitute unfair trade practice as a matter of law, nor has the plaintiff alleged an ascertainable loss of money or property as required to state a private cause of action under CUTPA. Additionally, the defendant contends that an individual instance of unfair trade practice does not warrant an action under CUTPA.
The plaintiff counters that he has sufficiently alleged a CUTPA claim. In count three, paragraphs 15-18 of the plaintiff's amended complaint state:
15. The normal business activity of the defendant as herein before described includes the offering of parking and the viewing of motion pictures to the public for a fee, which activities constitute a trade or commerce.
16. The Defendant, National Amusements, advertises and solicits or induces the consumer public, including the Plaintiff herein, to purchase its services.
17. In reliance upon the solicitation, advertisement or inducement of the Defendant the Plaintiff purchased a ticket to view Defendant's movie offering and utilized Defendant's offered parking.
18. The defendant utilized an area of land between the aforesaid parking lot and the theater entrance as a depository for plowed snow.
The plaintiff claims that the defendant's conduct CT Page 1331-PPPPP evidences activity which reasonably infers an unfairness to the consumer. (Plaintiff's Objection to the Defendant's Motion to Strike, p. 11.) The plaintiff argues that the defendant's activity is "conscious and invokes the notion of deception, especially in light of the Defendant's solicitation and inducements." (Id.) The plaintiff further argues that a single act may constitute a violation of CUTPA if the party against whom the CUTPA claim is made is in the business of entering into transactions of the type that is at issue." (Id.)
The Connecticut Unfair Trade Practices Act, General Statutes § 42-110(b)(a), provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a (4) defines "trade" and "commerce" as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and other article, commodity, or thing of value in this state."
In determining whether certain acts constitute a violation of CUTPA, courts "have adopted certain criteria set out in the cigarette rule by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." WilliamsFord, Inc. v. Hartford Courant Co., 232 Conn. 559, 591,657 A.2d 212 (1995). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one criteria or because to a lesser extent it meets all three . . . . Thus a violation of CUTPA may be established by showing either an actual deceptive practice or a practice amounting to a violation of public policy." Associated Investment Co. Ltd.Partnership v. Williams Associates IV, 230 Conn. 148, 156,645 A.2d 505 (1994).
To recover damages under CUTPA, a party must meet two threshold requirements. "First, he must establish that the CT Page 1331-QQQQQ conduct at issue constitutes unfair or deceptive trade practice. Second, he must present evidence providing the court with a basis for a reasonable estimate of the damages suffered." (Internal citations omitted.) Rizzo Pool Co. v.Del Grosso, 232 Conn. 666, 684 n. 28, 657 A.2d 1087 (1995). "To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." Williams Ford, Inc. v. Hartford Courant Co., supra,232 Conn. 592. "For an act to be `deceptive' under [the CUTPA] statute, the action must have a tendency or capacity to deceive the plaintiff." Jones v. Garson,4 Conn. L. Rptr. 528, 529 (Apr. 25, 1991, Nigro, J.).
The defendant first argues that the plaintiff fails to set forth a cause of action in CUTPA because the plaintiff's underlying personal injury claim is grounded in negligence. While acts of negligence can be the basis of a legitimate CUTPA claim, those negligent acts must still satisfy the criteria set forth in the "cigarette rule." A-G Foods, Inc.v. Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69
(1990). The Connecticut Supreme Court has held that the first prong, by itself, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence. Id. Negligent acts, in general, are not inherently immoral, unethical, oppressive, or unscrupulous. Negligent conduct supporting CUTPA claims usually involves negligent misrepresentation, see, e.g.,Prishwalko v. Bob Thomas Ford, Inc., 33 Conn. App. 575,636 A.2d 1383 (1994). CUTPA deals with actions that cause unjustified consumer injury rather than a personal injury based upon negligence. A-G Foods, Inc. v. Pepperidge Farm,Inc., supra, 216 Conn. 217.
In the present case, the plaintiff's allegations do not satisfy the three prongs of the "cigarette test" and thus cannot be the basis of a CUTPA claim. The alleged negligent piling of snow in a parking lot of a movie theater cannot be construed as offensive to public policy or as violative of some established concept of unfairness. Further, it cannot be considered "inherently immoral, unethical, oppressive or unscrupulous." Additionally, there is no allegation that the conduct complained of caused an unjustified injury that is CT Page 1331-RRRRR substantial. Merely reciting CUTPA language to describe acts of negligence is "insufficient to allege an actionable CUTPA claim." Chernet v. Town of Wilton, judicial district of Stamford/Norwalk at Stamford, Docket No. 108840 (Sept. 19, 1990, Cioffi, J.).
The defendant's second argument is that the plaintiff has not alleged an ascertainable loss of money or property. The defendant argues that "[a]ny loss suffered by the plaintiff is due to the alleged negligence of the defendant not as a result of any alleged unfair or deceptive business practice. (Defendant's Memorandum in Support of the Motion To Strike, p. 11.) General Statutes § 42-110g (a) provides in relevant part that "[a]ny person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a [prohibited] method, act or practice . . . may bring an action . . . to recover actual damages." Connecticut Appellate Courts have not addressed the issue of whether personal injuries are recoverable actual damages constituting an ascertainable loss of money or property. However, the Supreme Court has defined the terms "ascertainable loss" and "money or property." "Whenever a consumer has received something other than what he bargained for, he has suffered a loss of money or property. That loss is ascertainable if it is measurable even though the precise amount of the loss is not known . . . . To satisfy the `ascertainable loss' requirement, a plaintiff need prove only that he purchased an item partially as a result of an unfair or deceptive practice or act and that item is different from that for which he bargained. This approach is in keeping with the remedial aims of the statute . . . ." Hinchliffe v. AmericanMotors Corp., 184 Conn. 607, 614-15, 440 A.2d 810 (1981). See also Sipperly v. Burger King Corp., judicial district of New London at Norwich, Docket No. 94746 (March 17, 1992, Hurley, J.). Based on the foregoing, damages due to a claim grounded solely in negligence do not satisfy the "ascertainable loss" requirement.
The defendant's third argument is that an individual instance of unfair trade practice does not warrant an action under CUTPA. The dispute as to whether CUTPA requires a plaintiff to plead or prove a series of acts or a pattern of action, or whether a single act is sufficient, arises from the terms of the statute. General Statutes § 42-110b(a) employs the plural forms of the phrases: "unfair methods of CT Page 1331-SSSSS competition and unfair or deceptive acts or practices." (Emphasis added.). The regulatory principles enumerated in §42-110g(a) utilize the singular forms and provide that: "[a]ny person who suffers any ascertainable loss . . . as a result of the use or employment of a method, act or practice. . . may bring an action to recover actual damages." (Emphasis added;). See, e.g., Allison v. Widder, 1 Conn. L. Rptr. 461, 462 (Apr. 6, 1990, Cioffi, J.). The majority of Connecticut authority supports the proposition that CUTPA applies to a single transaction. See, e.g., Hardy v. Griffin,41 Conn. Sup. 283, 287, 569 A.2d 49 (Oct. 4, 1989, DeMayo, J.).
Construing the complaint in the manner most favorable to the pleader, this court concludes that the plaintiff has failed to sufficiently allege a cause of action based on a CUTPA violation. Accordingly, the defendant's motion to strike as to count three is granted.
M. Hennessey, J.