[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count two of the plaintiff's amended complaint, which asserts a nuisance claim against the defendant for having "a dangerous and defective condition" on the floor of the entrance to the supermarket owned by the defendant
On May 8, 1996, the plaintiff, Janet Laverty (Laverty), filed an amended complaint against the defendant, Stop Shop Supermarket Company (Stop Shop). In her amended complaint, Laverty alleges that on May 25, 1995, she tripped and fell over a mat lying on the floor of the entrance of a supermarket owned by Stop Shop. Laverty's amended complaint seeks recovery on two theories of liability: negligence (count one) and nuisance (count two).
On June 17, 1996, Stop Shop moved to strike count two of the amended complaint on the ground that it did not sufficiently allege a cause of action in nuisance, and submitted a memorandum of law in support of its motion to strike. On June 28, 1996, Laverty filed a memorandum in opposition to Stop Shop's motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted ) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2., 650 A.2d 153
(1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
In support of its motion, Stop Shop argues that count two fails to state a cause of action in either public or private nuisance. Stop Shop argues that count two fails to state a CT Page 8591 private nuisance claim because Laverty does not allege that she was injured in relation to a right enjoyed by reason of her ownership of an interest in land. Additionally, Stop Shop argues that count two fails to state a public nuisance claim because Laverty was not injured while exercising a right that constitutes a public right enjoyed by citizens as part of the public.
"A nuisance . . . describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." Quinnett v. Newman, 213 11 Conn. 343, 348,568 A.2d 786 (1990). To recover on a nuisance action, a plaintiff must prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the [plaintiff's] injuries and damage." Tomasso Brothers, Inc. v.October Twenty-Four Inc., 221 Conn. 194, 197, 601 A.2d 1011
(1992), aff'd, 230 Conn. 641, 646 A.2d 133 (1994). To successfully assert a nuisance claim in Connecticut, a plaintiffs complaint must contain facts supporting each of the essential elements of either a public or private nuisance. Ayala v. B BRealty Co., 32 Conn. Sup. 58, 337 A.2d 330 (Super.Ct. 1974)
Private Nuisance
"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership interest in land." (Citation omitted.) Cruz v. Tosado, judicial district of Hartford-New Britain at Hartford, Docket No. 531845 (May 22, 1995, Hennessey, J.). "[Private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986).
Laverty has not alleged sufficient facts to support a claim for private nuisance because she did not allege that she suffered an injury in relation to her ownership interest in land. SeeWebel v. Yale University, 125 Conn. 515, 524-25, 7 A.2d 215
(1939).
Public Nuisance
CT Page 8592
To support a claim for public nuisance, a plaintiff must establish "that the condition or conduct complained of interfered with a right common to the general public . . . ." (Citations omitted; internal quotation marks omitted.) Doe v. Manheimer,212 Conn. 748, 755-56 n. 4, 563 A.2d 699 (1989). A nuisance is public "where it affects the rights enjoyed by citizens as part of the public, that is, the rights to which every citizen is entitled." (Citations omitted; internal quotations marks omitted.) Massey v.The Mall at Buckland Hills, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 531452 (February 4, 1994, Sheldon, J., 9 CSCR 233). "The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights." Couture v. Board of Education, supra, 6 Conn. App. 315, quoting Nolan v. New Britain, 69 Conn. 668. 678. 38 A. 703 (1897).
In her amended complaint, Laverty alleges that the defective mat in the supermarket entryway posed a danger to the general public who had access to the supermarket. (Amended Complaint, par. 7b.) Nevertheless, when the property in question is privately owned, yet it is held open to the public, "[o]ne who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance." Webel v. YaleUniversity, supra, 125 Conn. 524-25.
In Smith v. Monitor Management, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 272186 (January 9, 1991, Ballen, J.), the plaintiff alleged that she tripped and fell over a wrinkled area rug as she entered a shopping mall. In striking her public nuisance claim, the court held that plaintiff Smith "failed to allege facts and is unable to demonstrate that she was entering the shopping mall as a matter of public right or that the condition complained of interfered with a right common to the general public or that the . . . [m]all was public property." Id. The court reasoned: "As a patron, the plaintiff was an invitee while in the defendant's establishment. While members of the general public were unquestionably welcome to enter the [mall], and even solicited to do so, nevertheless they were not entitled to do so by virtue of any public right enjoyed by citizens as part of the public. The public was invited to enter, but there was no public right to do so, and the defendant's establishment was not a public place where the public CT Page 8593 had a right to be. The plaintiff was not in the exercise of any public right while on the defendant's premises, and [she] cannot base [her] right to recover upon the existence of a public nuisance." Id., quoting Dahlstrom v. Roosevelt Mills, Inc.,27 Conn. Sup. 355, 238 A.2d 431 (Super.Ct. 1967); see alsoAnzellotti v. National Amusements, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 546129 (February 20. 1996, Hennessey, J.); Massey v. The Mall atBuckland Hills, supra; Mulcahey v. International Telephone Telegraph Co., 31 Conn. Sup. 1, 318 A.2d 804 (Super.Ct. 1974).
Laverty argues that when members of the public have access to the land, the person controlling the land is liable in nuisance for hazards on the land. In support of this position, Laverty cites two superior court cases: Keith v. Prime Hospitality Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 359829 (August 5, 1994, Hartmere, J.) (holding that open culvert in Holiday Inn parking lot accessible to the general public was a public nuisance); and Avery v. Boy Scouts ofAmerica, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135160 (July 28, 1994, Lewis, J.) (holding that dangerous condition in a cemetery was a public nuisance).
Avery v. Boy Scouts of America, supra, is distinguishable from the case at bar because a cemetery is deemed a public place by statute. See General Statutes § 19a-312; see also Applicationof St. Bernard Cemetery Association, 58 Conn. 91, 95, 19 A. 519
(1889).
Additionally, this court rejected the reasoning of Keith v.Prime Hospitality Corp., supra, in Anzellotti v. NationalAmusements, supra, where plaintiff Anzellotti brought a nuisance claim against the defendant when he slipped and fell in the parking lot of a movie theater. In granting the motion to strike the nuisance count, this court held that Anzellotti was not exercising a public right by visiting the theater even though the general public was invited to enter the establishment. Id. Accordingly, this court held that Anzellotti had no public right upon which to base a public nuisance claim. Id.
Similarly, in the present case, Laverty has failed to allege that she was injured while exercising a public right. Accordingly, Laverty cannot base her right to recover upon a public nuisance. CT Page 8594
The court finds that Laverty has not alleged facts sufficient to support a cause of action in private or public nuisance. Accordingly, Stop Shop's motion to strike count two of Laverty's amended complaint is granted.
Mary R. Hennessey, Judge