[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT
Marie Mercier, Executrix of the estate of Leo Mercier filed a three count amended complaint against Ronald LeMay (LeMay) and Pachaug Marina Campground Association, Inc., (Pachaug Association) claiming injuries that occurred on the premises of the association resulted in Leo Mercier's death. Count One is a private nuisance claim against the Pachaug Marina and Campground Association, Inc.
The following facts are alleged in the complaint. The Pachaug Association is a cooperative under the Common Interest Ownership Act. The Pachaug Association owns property in Griswold, Connecticut that it maintains and operates as a campground. LeMay had a proprietary leasehold in unit #81 of the cooperative. Both Marie Mercier and Leo Mercier were members of the association and had a proprietary leasehold in unit #67 of the cooperative. It was by virtue of their proprietary leasehold interest in unit #67, that they had an interest in the Pachaug Association, its property and the common elements. On May 27, 1994, Leo Mercier was struck and fatally injured by a dead tree that fell and struck him while on LeMay's unit, #81. At the time of the accident, Leo Mercier and Mr. LeMay were attempting to remove a dead tree.
The Pachaug Association filed the present motion for summary judgment as to count one, the private nuisance claim. The Pachaug Association moves for summary judgment on the ground that there remains no genuine issue of material fact. The Pachaug Association argues that Leo Mercier did not have an interest in the property where he was injured, and therefore it is entitled to summary judgment as a matter of law.
The plaintiff argues that the decedent had an interest in the property where he was injured because he was a member of the CT Page 9166 Pachaug Association which owns the marina and campground property.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49.
"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. . . . " (Citations omitted; internal quotation marks omitted.) Gendreau v. Vitti, Superior Court, judicial district of Milford, Docket No. 052879 (March 5, 1997, Flynn, J.). "In the modern authorities. . . private nuisance includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure. . . ." (Citations omitted; internal quotation marks omitted.) Cruz v. Cooper Village. LimitedPartnership, Superior Court, judicial district of Waterbury, Docket No. 127543 (November 30, 1996, Sullivan, J.).
The Pachaug Association is a cooperative common interest ownership association organized under Connecticut General Statutes § 47-202 et seq. The Pachaug Association owns the land where Leo Mercier was injured. C.G.S. § 47-202 (10) defines a cooperative as, "a common interest community in which the real property is owned by an association, each of whose members is entitled by virtue of his ownership interest in the association to exclusive possession of a unit." The membership of the association consists of the unit owners. C.G.S. §47-243.
A plaintiff is not required to have a fee interest in property in order to claim a private nuisance. Cruz, supra. "Apparently any interests sufficient to be dignified as a property right will support the action. . . . [I]t may be maintained by the holder of an easement, such as a right of way or a right to passage, light and air. . . . Once the invasion of the property interest is established, . . . consequential damages to the possessor which result from it, such as injuries to his own health . . . may be recovered." Ayala v. BB Realty Co., CT Page 916732 Conn. Sup. 58, 63, 337 A.2d 330 (1974), quoting Prosser, Torts (4th Ed.) § 89, p. 593.
The decedent had an interest in the property owned by the Pachaug Association sufficient to maintain a nuisance claim. The Pachaug Association is not entitled to judgment as a matter of law and, therefore, the Motion for Summary Judgment is denied.
PELLEGRINO, J.