[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION RE: DEFENDANTS' MOTION TO STRIKE COUNTS FIVE AND SEVEN
The court granted the defendants' motion to strike count five of the complaint because it is a nuisance claim that is legally insufficient because it fails to allege either a public or a private nuisance. The court granted the defendants' motion to strike the CUTPA claim under C.G.S. § 42-110b because it is legally insufficient.
In regard to the nuisance claim, to recover for nuisance, the plaintiff must plead and prove that "(1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was CT Page 10251 unreasonable or unlawful; [and] (4) the existence of the nuisance was the proximate cause of the plaintiff's injuries and damages." TomassoBrothers, Inc. v. October Twenty-Four, Inc. 221 Conn. 194, 197 (1992) (affirmed on remand, 230 Conn. 641 (1994). There are two kind of nuisances public and private. Weble v. Yale University, 125 Conn. 515,524-25 (1939). Nuisances are private "where one is injured in relation to a right which he enjoys by reason of his ownership in land." Weble,125 Conn. at 523. Nuisances are public when they violate public rights, and produce a common injury, and when they constitute a obstruction to public rights, that is, the rights by citizens as part of the public." Couturev. Board of Education, 6 Conn. App. 309, 314 (1986). An actionable nuisance must contain each of the essential elements of either a private or public nuisance. Ayala v. B B Realty Co. 32 Conn. Sup. 58 (1974).
The instant plaintiff has not alleged that she was injured in relation to any rights she enjoyed as the owner of land. Thus, she has not alleged a private nuisance. The plaintiff has also not alleged that her decedent was injured while exercising a public right. Rather, she has alleged that her decedent was injured while patronizing the Walgreen store, as a business invitee. However, she was not on the property in the exercise of a public right, therefore, she cannot sue the owner in nuisance if injured while on the property. Since the plaintiff was on the Walgreen's property as a business invitee or customer, she cannot bring a nuisance claim against Walgreen.
With respect to count seven, the CUTPA claim, the statute provides "no person shall engage in unfair or deceptive acts or practices in the conduct of any trade or commerce." C.G.S. § 42-110b(a). In determining whether a practice violates CUTPA, Connecticut applies a criteria set out in the Cigarette Rule by the Federal Trade Commission, asking "(1) whether the practice without necessarily having been previously considered unlawful, offends public policy as it has been established by statute, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers [competitors] or other businessmen." A-CFoods, Inc. v. Pepperidge Farm, Inc. 216 Conn. 200, 215 (1990).
In this case, the plaintiff was injured while fleeing a criminal attack by a third party, not while shopping at Walgreen. Her injury did not arise out of Walgreen trade or commerce and, thus, CUTPA does not apply.
The mere fact that the injury occurred on the defendants' property will not bring that injury within that defendants' "trade" or "commerce" for purposes of CUTPA. Instead, the plaintiff's sole remedy is to bring a negligence action and to allege that the defendant has breached the duty owed to the plaintiff as a business invitee.
The second reason why count seven is insufficient is that the plaintiff has alleged mere negligence and negligence alone does not give rise to a CUTPA violation. A-C Foods, Inc. v. Pepperidge Farms, Inc., supra. The court held that negligence alone is not an unfair or deceptive trade practice within the meaning of CUTPA, 216 Conn. at 215. The instant plaintiff alleges only negligence on the part of Walgreen, that is, that Walgreen failed to take reasonable precautions to make its parking lot safe. That negligent conduct does not, as a matter of law, give rise to a CUTPA claim.
The third reason why count seven is deficient is that plaintiff has failed to allege a general business practice and alleges only a single instance of misconduct. CUTPA is violated when a defendant has committed wrongful acts with such frequency as to indicate a general business practice. Jacobs v. Healey-Ford Subaru, Inc. 231 Conn. 707 (1995). The fourth reason why count seven is deficient is that the decedent, that is the victim of the alleged misconduct, is dead and her cause of action under CUTPA has abated by her death and is not saved by C.G.S. §52-599. Section 52-599 which provides for the survival of actions, specifically excludes any civil action upon a penal statute. CUTPA is a penal statute. State v. Leary, 217 Conn. 404, 416 (1991).
Accordingly, the defendants' motions to strike count five of the complaint and count seven of the complaint are hereby granted.
D. Michael Hurley, Judge Trial Referee CT Page 10252