WALTER MAZER *v.* THE CONNECTICUT LIGHT AND POWER COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, JS.

Argued January 6—decided March 1, 1960

*Alfred M. Bingham,* for the appellant (plaintiff).

*G. Bradford Palmer,* with whom, on the brief, was *Walter F. Torrance, Jr.,* for the appellee (named defendant); with him also was *Paul J. Driscoll,* for the appellees (defendants Brown et al., executors).

KING, J. The plaintiff and the defendant executors' testator owned adjoining farms in Lyme. During the decedent's lifetime, he had arranged with the named defendant to change the location of an electric transmission line crossing his farm. Holes had been dug for some time before April 15, 1957, but the poles had not been set in place. In the late afternoon of that day, the plaintiff noticed that one of his lambs was missing. He claimed, and the court found, that it was worth about $25. After a search with his dog, the plaintiff saw the lamb, about eight feet away, in one of the holes. The hole was about forty inches in diameter and several feet deep; it was filled with water to within about eighteen inches of the top. The edge of the hole was muddy and slippery. The lamb was floating with its head out of the water, silent and motionless. The plaintiff went to the hole, partially straddling it, and tried to lift the lamb, but it was so soaked with water that he found it very heavy. Nevertheless, he continued to tug at the lamb. His foot slipped on the slippery edge of the hole. He, however, retained his grip on the lamb, hauling it to the edge of the hole. Although he did not fall into the hole, his efforts resulted in a strained back. There is nothing in the finding to indicate at what point during his endeavors the back strain occurred. As far as appears, it did not take place until the final tug.

The plaintiff sought damages for the back injury and the loss of the lamb. The complaint is in two counts, the first in negligence and the second in nuisance. To each count the defendants interposed what amounted to a general denial and special defenses of contributory negligence and assumption of risk. From a judgment for the defendants the plaintiff appealed. No corrections in the finding which in our view of the case would benefit the plaintiff can be made.

The count in nuisance was inappropriate. If there was a nuisance, it was a private one. *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 611, 30 A.2d 388. While the plaintiff claimed that he had implied permission from the decedent during his lifetime, and, after his death, from his executors, to enter the decedent's land to recapture any of the plaintiff's stock which had strayed there, such a privilege, if it existed, was not an interest in land which would entitle the plaintiff to maintain an action sounding in nuisance. Ibid.; *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112, 20 A.2d 619. The court correctly held that the hole could not, as to this plaintiff, constitute either a public or a private nuisance.

The court failed to find negligence on the part of any of the defendants. There was nothing requiring such a finding, and without it the plaintiff could not recover under the negligence count.

There is no error.

In this opinion the other judges concurred.