JAMES K. JUBB *v.* HENRY MASLANKA

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 122259

Memorandum filed April 13, 1961

*Dowling & Dowling,* of Hartford, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendant.

KLAU, J. The most recent demurrer filed by the defendant, dated December 5, 1960, demurs to both the second and third counts of the complaint in so far as each purports to state a cause of action in nuisance, on the grounds that the complaint does not allege that the plaintiff was on the premises in the exercise of any public right, that the plaintiff was not injured in relation to the right which he enjoyed by reason of his ownership of an interest in the land, that the doctrine of "condition amounting to a nuisance" does not apply as between landlord and tenant, and that the liability of the defendant, if any exists, lies in negligence only and not in nuisance.

The complaint alleges that the plaintiff, while coming out of his apartment, which was one of three in the defendant's building, was injured while using the exterior stairway, which was used in common with other tenants and was retained in the control of the defendant. The stairway in question was necessarily and constantly used by the tenants, including the plaintiff, in going to and coming from the building. Water had dripped upon said stairway from defective gutters and drainpipes and had frozen, making the stairway slippery. The defendant had notice of this condition. The plaintiff slipped and fell upon the defective steps and sustained the injuries complained of.

The first count is based on negligence. The second count is based on the creation and maintenance of a nuisance, and the third count is based on the existence of conditions the natural tendency of which was to create danger of injury and conditions of nuisance.

Ever since the decision in *Webel* v. *Yale University*, 125 Conn. 515 (1939), the question of the right of a tenant to maintain an action founded in nuisance against the landlord by reason of a defect arising from a common passageway has been argued. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. 'In the modern authorities it [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 422; Salmond, Torts (8th Ed.) 235; Harper, Torts, § 179. The distinction between liability in negligence and nuisance has frequently not been clearly maintained in the cases. . . . It certainly will tend to clarity in the application of legal principles if the doctrine of private nuisance is restricted to its proper field." Id., p. 525.

The question arises whether the plaintiff has any property interests in the common passageway upon which he fell sufficient to form a basis for an action for nuisance. "It is obvious from the history of the action for private nuisance that the interests originally protected were interests in the use and enjoyment of land, including interests in the use and enjoyment of easements and profits. These interests continue to be the interests which are protected by actions for private nuisance. Where there is an invasion of these interests, the plaintiff may recover not only for harm arising from acts which affect the land itself and the comfortable enjoyment of it, but also for harm to members of his family and to his chattels." Restatement, 4 Torts, p. 219; id. § 822 p. 226, § 823(c) p. 235. The right to use the common stairway may be part of the leased premises even though the landlord remains in control thereof. *Martel* v. *Malone,* 138 Conn. 385, 390, 391. The plaintiff

may well have an easement in the common stairway although control is retained by the landlord.

The plaintiff may be gaining nothing by his nuisance counts, since he may be able to prove only a nuisance arising out of negligence, and the considerations, such as contributory negligence, fatal to his cause of action in negligence will be fatal to such a cause of action in nuisance. *Noebel* v. *Housing Authority,* 146 Conn. 197, 203; *Collette* v. *Piela,* 141 Conn. 382, 386. However, this is not to say that the plaintiff alleges no cause of action whatever in the second and third counts unless it is also said that the plaintiff has no property interest, no matter how tenuous, in the common stairway. This conclusion the court cannot accept. The interest of the plaintiff is more than that of a licensee or invitee with respect to the common stairway. *Mazer* v. *Connecticut Light & Power Co.,* 147 Conn. 235, 237; *Martel* v. *Malone,* supra, 389; *Munz* v. *Abramson,* 18 Conn. Sup. 198. It is altogether possible that the plaintiff under the second count may show an absolute nuisance, to which, of course, the defense of contributory negligence does not apply, and thus be in a better position than on his first count of negligence or third count of nuisance arising from negligence.

The defendant sets forth as a further ground for his demurrer that the doctrine of "condition amounting to a nuisance" is not applicable between landlord and tenant. This so-called doctrine has been held to be applicable in a situation where the landlord has let premises in a ruinous condition amounting to a nuisance. In cases where it has been asserted, the demised premises have been completely within the tenant's control, and only third persons or strangers to the premises have been permitted to assert the doctrine. *Harris* v. *Lewistown Trust Co.,* 326 Pa. 145; see note, 110 A.L.R. 756. In this state, it is

doubtful whether third persons or strangers could prevail on the basis of this doctrine, in the light of *Webel* v. *Yale University,* supra. However, while a tenant cannot bring an action based on nuisance with respect to premises demised to him and completely within his control; *Collette* v. *Piela,* supra; the *Harris* case, supra, is not authority for the proposition that a tenant cannot maintain an action based on nuisance with respect to injuries sustained on a common stairway under the landlord's control and in which the tenant has a property interest as set forth above. Hence, this ground of the demurrer is not well taken.

The defendant's demurrer to the second and third counts of the plaintiff's complaint is overruled.