FRANK MUIR ET AL. *v.* HOUSING AUTHORITY OF THE
CITY OF NEW BRITAIN

SUPERIOR COURT       HARTFORD COUNTY       FILE NO. 132453

Memorandum filed May 29, 1963

*Dworski & Shurberg,* of New Britain, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendant.

COTTER, J. The second count of the plaintiffs' complaint alleges that the defendant created and/or maintained a nuisance in an outside stairway controlled by the defendant in the rear of premises rented from the defendant by the plaintiff and that the plaintiff was injured thereby.

A public nuisance is not alleged, and the plaintiff does not sue as a member of the general public. *Higgins* v. *Connecticut Light & Power Co.,* 129 Conn. 606, 611. "A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." *Nolan* v. *New Britain,* 69 Conn. 668, 678; see *Croughwell* v. *Chase Brass & Copper Co.,* 128 Conn. 110, 112; *Lyne* v. *East Hartford,* 17 Conn. Sup. 275 *(King, J.); LaPalme* v. *Tottle,* 16 Conn. Sup. 121. A private nuisance can exist only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. *Webel* v. *Yale University,* 125 Conn. 515, 525. There is no such allegation in the complaint.

The action of a tenant against his landlord for personal injuries resulting from a structural defect, and for the existence or maintenance of steps as claimed in the complaint, sounds in negligence and not nuisance. "It is generally recognized that the cause of action does not sound in nuisance." . . . If the stairs were defective, "it avails the tenant nothing to call it a nuisance. His cause of action still sounds in negligence." *Collette* v. *Piela,* 141 Conn. 382, 386. In support of this authority, our court cited two cases which elaborate in the following manner as to a claim of nuisance by a tenant. "[I]t is not a tort as against the tenant for a landlord to demise to him premises in such a condition that they are a nuisance." *Miles* v. *Janvrin,* 196 Mass. 431, 437. "[T]he doctrine of liability for nuisance upon premises does not apply as between a landlord and his tenant, or those claiming under the tenant. That doctrine depends upon a theory of unreasonable invasion of one's rights in premises by acts done upon or outside thereof. . . . It cannot be relied upon by the tenant or his invitees as a ground for recovery from the landlord because of defects in the leased premises." *Jackson* v. *Public Service Co.,* 86 N.H. 81, 86. See also Wright, Conn. Law of Torts, p. 79 n.8. A further decision reiterating the position in Connecticut states: "No cause of action sounding in nuisance is available to the tenant against his landlord." *Bentley* v. *Dynarski,* 150 Conn. 147, 153 (1962) (citing *Collette*).

The demurrer to the second count is sustained.