GAIL N. MULCAHEY *v.* INTERNATIONAL TELEPHONE AND TELEGRAPH CORPORATION ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 136850
AT NEW HAVEN

Memorandum filed April 4, 1974

*Joseph B. Clark,* of New Haven, for the plaintiff.

*Sperandeo, Weinstein, Carangelo & Donegan,* of New Haven, for the named defendant.

*Thomas F. Keyes, Jr.,* assistant corporation counsel, for the defendant city of New Haven.

HULL, J. The named defendant was the lessee of the Temple Street garage in New Haven owned by the defendant city of New Haven. The plaintiff was a parking customer in the garage and claimed injuries caused by certain basic structural and design defects in a pedestrian area of the garage as set forth in the plaintiff's complaint. The first count against the defendants is based on negligence, and the second count is based on nuisance, reading in part: "The conduct of the defendants was such as to create a condition, the natural tendency of which was to create danger or inflict injury to persons legally on said premises, and such conditions constituted a nuisance."

The defendant lessee demurred as follows: "It does not appear, nor is it alleged that the plaintiff was injured in relation to a right she enjoyed by

reason of her ownership of an interest in land, and there can be no cause of action for public nuisance against this defendant under the circumstances alleged in the Complaint."

There are no allegations in the complaint, nor indeed could there be any under the circumstances of this case, which would sustain a claim to a public nuisance. The brief of the plaintiff does not claim a public nuisance and apparently no such claim is made. Therefore, insofar as a public nuisance is concerned, the demurrer must be sustained.

The plaintiff, who did not allege whether the claimed nuisance was a public or a private nuisance, has relied in her brief on the existence of a private nuisance.

The settled law of this aspect of the demurrer is cited to one extent or another in both briefs. It controls the decision of this demurrer as set forth in *Webel* v. *Yale University,* 125 Conn. 515, 524, wherein the court stated: "One who enters premises at the express or implied invitation of a tenant does not come upon them in the exercise of any public right, but is there by reason of a right extended to him by the tenant; and, if injured, the visitor to the premises cannot base his right to recover upon the existence of a public nuisance. A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. 'In the modern authorities it [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock, Torts (13th Ed.) 422; Salmond, Torts (8th Ed.) 235; Harper, Torts, § 179."

In accordance with the *Webel* case, public nuisance would be inapplicable even if alleged or claimed by

the plaintiff. The plaintiff, however, claims in her brief that a customer in a parking garage has an interest in land which would justify a claim of private nuisance. The plaintiff claims that she is a lessee of garage space and cites *Jubb* v. *Maslanka,* 22 Conn. Sup. 373, which upheld, against a landlord, a tenant's claim of private nuisance on a common stairway.

It is the court's opinion that the plaintiff's claim, though ingenious, is farfetched and that the analogy to the *Jubb* case is stretched beyond logical persuasion. The court holds that a customer in a public parking garage under the circumstances alleged in the complaint does not have a sufficient "interest in land" to sustain a claim of private nuisance. The court adopts the view of *Arachy* v. *Schopen,* 22 Conn. Sup. 20, the entire opinion of which is entirely apposite and reads as follows: "Plaintiff was injured when diving off a diving board in defendant's bathing resort. The second count sounds in nuisance. The plaintiff obviously was not using the diving board in the exercise of a public right. *Dewing* v. *Old Black Point Assn.,* 19 Conn. Sup. 230. And there could be no private nuisance, since he was not injured in relation to a right which he enjoyed by reason of his ownership of an interest in land. *Webel* v. *Yale University,* 125 Conn. 515, 525. There is no merit to the plaintiff's claim that because he was a licensee he came under the classification of an owner of an interest in land. *Bland* v. *Bregman,* 123 Conn. 61, 64." See also *Clark* v. *Pierce & Norton Co.,* 131 Conn. 499 (amusement park—the condition could not be either a public or a private nuisance); *Mazer* v. *Connecticut Light & Power Co.,* 147 Conn. 235 (claimed implied permission to enter land is not such an interest in land as would support an action for a private nuisance).

For the reasons stated, the demurrer of the defendant International Telephone and Telegraph Corporation to the second count of the complaint is sustained.