TAB M. GESSWIN *v.* F. THOMAS BECKWITH

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 27202

Memorandum filed May 26, 1978

*Salvatore F. Arena,* for the plaintiffs.

*Bohan, Hitt, Mihalakos & Sachner,* for the defendant.

NARUK, J. The present suit is an action for personal injuries by the minor child of a tenant against the tenant's landlord as the result of a fall from an allegedly dangerous and defective ladder of a tree house situated on premises owned by the

defendant landlord. The tenant and his child occupied an apartment in a duplex dwelling on those premises.

The tenant is bringing an action, both individually and for his minor child, based on various counts sounding in negligence and in nuisance. The defendant demurs to counts two, three, five and six of the complaint. He claims that those counts allege neither a cause of action in public nuisance nor an ownership or property right of the minor plaintiff sufficient to sustain a cause of action in private nuisance.

While the minor plaintiff does not allege a violation of public rights or an injury to the public citizenry as a whole sufficient to support a cause of action in public nuisance, he does contend that his property interest in the land upon which the tree fort and ladder from which he fell were located is sufficient to form a basis for an action in private nuisance.

"A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." *Webel* v. *Yale University,* 125 Conn. 515, 525. In *Jubb* v. *Maslanka,* 22 Conn. Sup. 373, the trial court found such an interest in land in the right of a tenant to use a common stairway of a three-family house. In reaching that decision, the trial court relied on the theory proposed by certain authorities that private nuisance "includes all injuries to an owner or occupier in the enjoyment of the property . . . *without regard to the quality of the tenure.*" (Emphasis added.) *Jubb* v. *Maslanka,* supra, 375, citing Pollock, Torts (13th Ed.) 422; Salmond, Torts (8th Ed.) 235; Harper, Torts, § 179.

The term "possession" was limited in its application in *Conlon* v. *Farmington,* 29 Conn. Sup. 230.

Relying on the third edition of Prosser, the trial court in that case found that minor plaintiffs, living with their parents who owned the premises, could not maintain an action in nuisance since members of a possessor's family have no property rights. Id., 232, citing Prosser, Torts (3d Ed.) 614.

It is noteworthy, however, that in his fourth edition, Prosser states that "the greater number of cases have regarded members of the family of the possessor as sharing the possession with him, and hence as entitled to recover damages which they have sustained, on the basis of nuisance." Prosser, Torts (4th Ed.) 594. This change in the status of a minor plaintiff in a nuisance action seems to reflect the present attitude of most courts that no valid policy reason exists to protect the possessor of a property interest in such an action while not protecting the members of a possessor's family.

In light of the decision in *Jubb* v. *Maslanka* and the recent trend in the majority of courts which confers possessory status upon members of the family of a possessor of a property interest, the minor plaintiff in the present case is found to have a property interest sufficient to form a basis for an action in private nuisance.

For the reasons stated, the demurrer is overruled.