[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Anna Szponar was a tenant on the first floor of a house owned by the defendant Kaz Stasiak. The complaint alleges that the defendant retained control of the halls, landings, and stairways used by the tenants. It is further alleged that the dangerous and defective condition of the stairway caused the plaintiff to fall and become injured. In count one of the complaint the plaintiff describes the dangerous and defective condition of the stairway as an absolute private nuisance. Count two states that the defendant negligently repaired and maintained the stairway and that the condition of the stairway was a negligent nuisance.
The defendant now moves for summary judgment and first argues that summary judgment must be granted because a claim of nuisance is not available to a tenant against a landlord. "When a tenant takes exclusive possession of demised premises . . . no cause of action sounding in nuisance is available to the tenant against the landlord." (Citations omitted). Bentley v. Dynarski,150 Conn. 147, 153 (1962); see also Collette v. Piela, 141 Conn. 382,386 (1954); Muir v. Housing Authority, 24 Conn. Sup. 439,440 (1963). However, the rule that a tenant may not sue his landlord in nuisance for a defect in the demised premises "is based on the fact that, by definition, the demised premises are under the tenant's exclusive control." Ayala v. B B Realty Co., 32 Conn. Sup. 58, 62 (1974). Where the landlord exercises control over that portion of the premises that is the subject of the nuisance action, a suit in nuisance is not necessarily precluded. Id. "A tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of act on in private nuisance." Id. at 63; Fonseca v. Lavado, 28 Conn. Sup. 509, 513 (1970); see also Jubb v. Maslanka, 22 Conn. Sup. 373, 377 (1961). Moreover, the CT Page 6711-GG Bently and Collette cases have no application to a cause of action in nuisance where, as here, the defendant landlord retained control of the area in question. See Fonseca, 28 Conn. Sup. at 512. Lastly, "a landlord's liability for nuisance caused by a defective condition on leased property is determined, in part, by whether the portion of the property on which the condition exists is in the landlord's control or the tenant's." State v. Tibbetts-Abbett-McCarthy-Stratton. 204 maintains control over property sufficient to subject him to nuisance liability normally is a jury question." Id. at 185.
The defendant next claims that summary judgment should be granted on the absolute nuisance count because the plaintiff has failed to establish that the landlord intended the act that brought about the condition. The defendant acknowledges that he placed additional treads over certain older treads on several steps and that he placed metal strippings along the edges of certain steps. The defendant maintains, however, that he cannot be liable in nuisance since he did not intend for dangerous and defective conditions to result from these action. "If the creator of the condition intends the act that brings about the condition found to be a nuisance, the nuisance thereby created is said to be absolute and its creator strictly liable." Quinnett v. Newman,213 Conn. 343, 348 (1990) (emphasis added). Since the issue in absolute nuisance is whether the defendant intends the act that creates the nuisance, the defendant is not relieved of liability simply because he did not intend for his acts to result in a dangerous and defective condition.
The defendant's final claim is that the second count of the complaint which sounds in negligent nuisance is barred by the applicable statute of limitations. The instant case is distinguishable from Yeomans v. Zoning Commission, 17 Conn. Sup. 114 (1950) because in the instant case the plaintiff bases his second count upon a claim of negligent nuisance. Similarly, Maynard v. New Haven Gas Co., 20 Conn. Sup. 31 (1955) does not resolve this issue because that case did not address the issue of the statute of limitations for negligent nuisance.
The only relevant law is contained in General Statutes 52-584
which provides in pertinent part that "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . shall be brought but within two years from the date when the injury is first sustained. . . ." Conn. Gen. Stat.52-584. (Emphasis added). CT Page 6711-HH
The injury in this case was sustained on January 31, 1990 and this action was filed on August 27, 1992. Therefore, under 52-584, the second count of the complaint which sounds in negligent nuisance is time-barred.
For the reasons stated, the motion for summary judgment is denied as to the first count and granted as to the second count.