[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case is before the court on defendant John P. Cooke, Trustee's, motion to strike the ninth, eleventh, twelfth, fourteenth and sixteenth counts of the plaintiff's substituted CT Page 8375 complaint of June 12, 1996.
Dilinda Hall has filed a sixteen-count substituted revised complaint as mother and next of friend of her minor child, Adam Breda, for personal injuries sustained by the minor child due to his exposure to lead paint. The plaintiff alleges, inter alia, that Adam sustained injury as a result of exposure to and ingestion of lead from October 1990 through September 1992 while a tenant at 105 North State Street in Ansonia, Connecticut, a dwelling owned by the defendant, John P. Cooke.[1] As a result of his exposure, Adam claims to have sustained serious physical and emotional injuries and his mother has expended and will incur expenses for medical and educational treatment and care.
The ninth count alleges that the defendant is liable for leasing the premises with lead-based paint, failure to inspect for lead-based paint and failure to de-lead the premises in violation of General Statutes §§ 21a-82, 47a-7, 47a-8, 47a-54f
and 19a-111c. The eleventh count alleges that the lead-based paint constituted an absolute nuisance. The twelfth count alleges that leasing an apartment with lead-based paint constitutes an abnormally dangerous activity. The fourteenth count alleges that the defendant breached the covenant of quiet enjoyment. The sixteenth alleges that the defendant's rental of the premises constituted a violation of General Statutes § 42-110a et.seq. (CUTPA).
On June 25, 1996, the defendant filed a motion to strike the ninth, eleventh, twelfth, fourteenth, and sixteenth counts of the plaintiff's substituted revised complaint dated June 10, 1996 on the grounds that the ninth count fails to state a claim upon which relief may be granted because the defendant cannot be held strictly liable for violation of the referenced statutes, that the eleventh count fails to state a claim upon which relief may be granted because the plaintiff alleges insufficient facts to state a cause of action for absolute nuisance, that the twelfth count fails to state a claim upon which relief may be granted because lead-based paint is not ultrahazardous as a matter of law, that the fourteenth count fails to state a claim upon which relief may be granted because the plaintiff does not allege sufficient facts to state a cause of action for breach of an implied warranty of a covenant for peaceful possession, and that the sixteenth counts fails to state a claim upon which relief may be granted because the provisions of CUTPA do not apply to CT Page 8376 personal injury actions and because the plaintiffs fail to allege an ascertainable loss of money or property, which is a necessary element of such a claim. The defendant has filed a memorandum of law in support of his motion as required by Practice Book § 155.
The plaintiff filed a memorandum of law in opposition to the defendant's motion to strike.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992).
Count Nine — Statutory Violations
In support of his motion to strike, the defendant contends that the court should strike the ninth count alleging violations of General Statutes §§ 21a-82, 47a-7, 47a-8, 47a-54f and19a-111c because the plaintiff failed to plead that the defendant either knew or should have known of the presence of the lead-based paint on the premises. The defendant cites Gore v.People's Bank, 235 Conn. 360, 373, 665 A.2d 1341 (1995) for the proposition that in order to be held liable for violations of General Statutes §§ 47a-7, 47a-8 and 47a-54f, the landlord must have actual or constructive notice of the defect. The defendant argues that this same analysis should be extended to General Statutes §§ 21a-82 and 19a-111c because the language of the statutes do not reflect an intent to eliminate the common law requirement of notice.
In opposition, the plaintiff argues that the plain language of General Statutes § 47a-7 imposes an affirmative duty on landlords to do whatever is necessary to keep their premises hazard free. The plaintiff relies on Housing Authority v. Olesen,31 Conn. App. 359, 362, 624 A.2d 920 (1993) for this proposition. She further contends that in order to determine liability for violations of General Statutes § 47a-54f and 19a-111 to19a-111d, the plaintiff must fall within the class of persons protected by the statute and the injury must be of the type which CT Page 8377 the statute sought to prevent. In applying this analysis, the plaintiff concludes that the statute and regulations were intended to prevent small children from ingesting lead-based paint because of the resulting physical and emotional damages.
The plaintiff also argues that the defendant is negligent per se because he either knew or should have known of the lead-based paint hazard, that the landlord had the opportunity to discover the hazard and therefore had constructive notice under the law that the lead-based paint hazard existed prior to the plaintiff's tenancy. She cites Gore v. People's Savings Bank, supra,235 Conn. 384 for this proposition.
In count nine the plaintiff alleges that the defendant failed to properly inspect the premises and failed to properly "de-lead" the premises, claiming that the lead paint was present on both the exterior and interior of the premises. The claim of lack of proper inspection, if proven, would make the receipt of actual notice impossible, but could well justify a finding of constructive notice by the trier. Accordingly, the defendant's motion to strike count nine of the plaintiff's substituted complaint is denied.
Count Eleven — Absolute Nuisance
The defendant next argues that the court should strike the eleventh count because the plaintiff has failed to allege sufficient facts to state a claim in nuisance. He argues that in order to successfully state a claim in nuisance, the plaintiff must prove (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; and (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages. Green v. Ensign-Bickford Co., 25 Conn. App. 479, 490,595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991). Additionally, he argues that according to Beckwith v. Stratford,129 Conn. 506, 511, 29 A.2d 775 (1942), the plaintiff must plead intent which he claims she has failed to do.
In response, the plaintiff argues that the word intent is not the intent to commit a wrong, but an intent to create the condition from which the nuisance or tort arises. She reasons that the defendant intended to lease the apartment and therefore brought about her minor son's exposure to lead based paint. The CT Page 8378 plaintiff cites Beckwith v. Stratford, supra, 129 Conn. 511 for this proposition.
"Connecticut case law recognizes a variety of types of nuisance. Nuisances may be characterized as public or private, and may be absolute (intentional) or merely the result of negligence." Stewart v. Federated Department Stores, Inc., Superior Court at Stamford, Docket No. 103721 (May 17, 1991, Lewis, J., 4 Conn. L. Rptr. 67).
Nuisances which are intentional are delineated as such by the courts' "using that word as meaning not that a wrong or the existence of a nuisance was intended but that the creator of them intended to bring about the conditions which are in fact found to be a nuisance." Beckwith v. Stratford, 129 Conn. 506, 511,29 A.2d 775 (1942).
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights . . . ." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986). In contrast, "[a] private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webel v. Yale University, 125 Conn. 515, 525, 7 A.2d 215
(1939).
"[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." (Internal quotation marks omitted). State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177,183, 527 A.2d 688 (1987).
The plaintiff has alleged facts in her substituted revised complaint that comply with this four prong test. First, the plaintiff alleges that the "toxic levels of lead paint . . . in intact and nonintact conditions on the interior and exterior surfaces of the High Street residence, caus[ed] Ms. Hall's minor child to suffer injuries and losses." Count Nine, para. 7. The plaintiff then alleges that the danger existed during her tenancy. Count Nine, para. 7. The plaintiff further alleges that the defendant "failed to properly inspect the North State Street CT Page 8379 residence to determine whether it contained dangerous, hazardous and toxic levels of lead paint. . . ." Count Nine, para. 8. The plaintiff also alleges that the nuisance was the proximate cause of her injuries. Count Nine, paras. 7 and 9.
The plaintiff may prevail on her claim of private nuisance even though she does not have an ownership interest in the land. "In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession without regard to the quality of the tenure." (emphasis added.) Webel v. Yale University, 125 Conn. 515,525, 7 A.2d 215 (1939). Several trial courts have permitted tenants to maintain an action founded in private nuisance since the Webel decision. One trial court overruled the defendant's demurrer on the ground that the tenant plaintiff had a sufficient interest in the common passageway of a three family house to set forth a cause of action in nuisance. Jubb v. Maslanka, 22 Conn. Sup. 373,375, 173 A.2d 604 (1961). The Jubb court reasoned that "[t]he right to use the common stairway may be part of the leased premises even though the landlord remains in control thereof." Id.
"Connecticut courts have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance." Ayala v. B B Realty Co.,32 Conn. Sup. 58, 63, 337 A.2d 330 (1974). See also Gesswin v.Beckwith, 35 Conn. Sup. 89, 397 A.2d 121 (1978); DiFrisco v.Shawmut Mortgage, Superior Court at Waterbury, Docket No. 115155 (December 3, 1993, Kulawiz, J., 10 Conn. L. Rptr. 486).
These cases are distinguished from those cases in which the defect is in the demised premises. "When a tenant takes exclusive possession of demised premises . . . no cause of action sounding in nuisance is available to the tenant against the landlord"Szponar v. Stasiak, Judicial District of Hartford-New Britain, at New Britain, Docket No. 452914 (July 19, 1993, Goldberg, J.,8 CSCR 856). See also Bentley v. Dynarski, 150 Conn. 147,186 A.2d 791 (1962). In the present case, the plaintiff alleges that her minor son was injured by lead paint contained in intact and nonintact conditions on the interior and exterior surfaces of the North State Street residence which were in the control of the landlord. Therefore, the court finds that the plaintiff has alleged sufficient facts to support a cause of action for absolute nuisance. Accordingly, the defendant's motion to strike CT Page 8380 as to the eleventh count is denied.
Count Twelve — Strict Liability for Abnormally Dangerous Activity
In his memorandum of law in support of his motion to strike, the defendant argues that the courts have not applied the theory of abnormally dangerous activity to lead paint cases, but have limited the theory to cases involving blasting and explosives. He cites Green v. Ensign-Bickford Co., 25 Conn. App. 479,595 A.2d 1383, cert. denied, 220 Conn. 919, 597 A.2d 341 (1991) for this proposition.
In opposition, the plaintiff contends that strict liability should lie in this case because defective lead paint exposes children to probable injury and is therefore extrinsically dangerous as indicated in Connecticut's statutory scheme regulating lead-based paint. The plaintiff also cites Branch v.Western Petroleum, Inc., 657 P.2d 276 (Utah 1982) for the proposition that a property owner can be held strictly liable for environmental hazards.
The Supreme and Appellate Courts of our state have not addressed whether the leasing of an apartment containing lead-based paint constitutes an ultrahazardous activity. "The doctrine has traditionally been applied in cases involving blasting and explosives. . . . Connecticut's sole extension beyond blasting cases is to damage from a concussion resulting from pile driving." (Citations omitted.) Green v. Ensign-BickfordCo., supra, 25 Conn. App. 482-83. The trial courts have also refused to extend the doctrine to lead paint cases because the injurious effects of lead-based paint are avoidable. See Leblancv. Munger, Superior Court, judicial district of Windham at Putnam, Docket No. 0052267 (March 13, 1996, Sferrazza, J.) andGutierrez v. Jefferson Street Med. Bldg., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529230 (September 27, 1994, Hennessey, J.,12 Conn. L. Rptr. 472). Consequently, the court finds that the rental of an apartment containing lead-based paint does not constitute an abnormally dangerous activity under Connecticut law. Therefore, the defendant's motion to strike as to the twelfth count is granted.
Count Fourteen — Breach of Covenant of Quiet Enjoyment
In his memorandum of law in support of his motion to strike, CT Page 8381 the defendant argues that in order to state a claim for breach of covenant of quiet enjoyment, the plaintiff must allege either actual or constructive eviction, or interference with her possession of the premises by anyone with paramount title. He relies on Net Realty Holding Trust v. Nelson, 33 Conn. Sup. 22,25, 358 A.2d 365 (1976) as authority for this proposition.
In response, the plaintiff maintains that she has plead sufficient facts to maintain an action for breach of the covenant of quiet enjoyment. She claims that the presence of the lead-based paint is attributable to the landlord defendant and that the premises are now uninhabitable. As to whether the plaintiff and her family vacated the premises as a result of the lead-based paint, she asserts that this is a question of fact and should not be raised by a motion to strike.
"The covenant of quiet enjoyment is that the grantee shall have legal quiet and peaceful possession and is broken only by an entry on and an expulsion from the land or from actual disturbance of possession by virtue of some paramount title or right. . . . A disturbance or entry by a mere intruder is not sufficient to constitute a breach of a covenant of quiet enjoyment. . . ." (Citations omitted.) Net Realty Holding Trustv. Nelson, supra, 33 Conn. Sup. 25.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." NovametrixMedical Systems, Inc. v. BOC Group, Inc., supra, 224 Conn. 214-15. In count fourteen of the substituted revised complaint, the plaintiff did not allege either actual or constructive eviction. Therefore, the plaintiff has failed to allege sufficient facts to state a claim for breach of the covenant of quiet enjoyment. Accordingly, the defendant's motion to strike as to the fourteenth count is granted.
Count Sixteen — CUTPA
In his memorandum of law in support of his motion to strike, the defendant argues that the court should strike the CUTPA claim. Although the defendant acknowledges a split of authority, he argues that the cases that permitted recovery were consumer cases, not personal injury ones. He cites A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 217, 579 A.2d 69 (1990) as authority. He claims that in the present case the injuries are CT Page 8382 not consumer injuries, but are particular to the plaintiff.
The defendant also argues that the court should deny the CUTPA claim because the plaintiff does not allege an ascertainable loss of money or property. Specifically, he contends that the plaintiff made no allegation regarding the diminution in the value of the rental premises based on the presence of lead-based paint. He cites Haesche v. Kissner, 229 Conn. 213, 223,640 A.2d 89 (1994) and Conaway v. Prestia, 191 Conn. 484, 494,464 A.2d 847 (1983) as authorities.
In opposition, the plaintiff argues that she is a consumer and that the minor child's injuries were a result of leasing an apartment with lead-based paint. She cites Conaway v. Prestia, supra, 191 Conn. 493, as authority for her argument that she is entitled to recover because in Conaway, the landlord failed to obtain a certificate of occupancy, whereas in the present case, the landlord failed to de-lead the premises, thereby causing her son severe injuries.
In determining whether an act violates CUTPA, the courts have considered the three following factors: "(1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or otherwise established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . ." Conaway v.Prestia, supra, 191 Conn. 492-93.
In Kelley Property Development, Inc. v. Lebanon, 226 Conn. 314,333, 627 A.2d 909 (1993), the court interpreted the holding in Conaway v. Prestia, supra, 191 Conn. 491 as permitting a private cause of action under CUTPA for alleged violations of certain landlord-tenant statutes. Moreover, several courts have determined that renting property containing lead paint in excess of statutory limitations is a violation of public policy. SeeGutierrez v. Jefferson Street Med. Bldg., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 529230 (September 27, 1994, Hennessey, J.,12 Conn. L. Rptr. 472);Kohutka v. Mazzucco, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0142751 (April 18, 1995, Lewis, J., 14 Conn. L. Rptr. 87); and Becher v. Seifel, Superior Court, judicial district of Litchfield, Docket No. 0068680 CT Page 8383 (November 27, 1995, Pickett, J.).
Accordingly, the defendant's motion to strike as to the sixteenth count of the plaintiff's substituted revised complaint is denied.
Defendant's argument that plaintiff has the burden of alleging an ascertainable loss is misplaced. The ascertainable loss requirement enunciated by the Haesche and Conway cases refers to the plaintiff's damages not, as the defendant argues, the diminishment of the rental value of the premises because of the presence of lead-based paint. Plaintiff has alleged ascertainable injuries and monetary damages and losses resulting therefrom. Therefore, plaintiff has alleged that he has "suffered . . . ascertainable loss of money or property, real or personal, as a result of the use, or employment of a method, act or practice prohibited by section 42-110b" and "may bring an action to recover actual damages. . . ." Haesche v. Kissner, supra 229 Conn. 213, 223.
David W. Skolnick, Judge