[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Emily St. John, by her mother, Nancy St. John, and Nancy St. John individually, filed a six-count amended complaint on June 27, 1996, against the defendants Hubert Riedel, and Reginald and Ethel Bothwell, alleging injuries from an accident that occurred while Emily St. John was playing on a trampoline. The land was owned by Riedel and the Bothwells are alleged to be beneficial owners. Riedel filed a motion to strike counts one, five and six of the plaintiffs' complaint on June 4, 1996. The plaintiffs filed a memorandum in opposition dated August 15, 1996.
DISCUSSION
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most CT Page 9924 favorably to the plaintiff." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
According to the defendant the first count alleges public and private nuisance, and the plaintiffs have not refuted this characterization. The defendant argues that the count does not state a cause of action. "A private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land. In the modern authorities private nuisance includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure." (Internal quotation marks omitted.) Couture v. Board of Education, 6 Conn. App. 309, 314,505 A.2d 432 (1986). The plaintiffs do not allege an injury in the enjoyment of property, such as a decrease in value. See Butzgy v.Glastonbury, 203 Conn. 109, 121, 523 A.2d 1258 (1987). The plaintiffs cite two cases in support of their claim, however the first, Gesswin v. Beckwith, 35 Conn. Sup. 89, ___ A.2d ___ (1978), involves an action by a tenant against the landlord. The second,Yeske v. Avon Old Farms School, Inc., 1 Conn. App. 195,470 A.2d 705 (1984), was an action based on physical harm to a minor trespasser. The plaintiffs have not alleged trespass.
"Nuisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public. . . . A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence." Couture v. Board of Education, supra, 6 Conn. App. 314-15;Keeney v. Town of Old Saybrook, 237 Conn. 135, ___ A.2d ___
(1996). The plaintiffs have not alleged a violation of public rights, and therefore cannot allege a public nuisance. Therefore, the defendant's motion to strike count one should be granted.
The sixth count alleges a breach of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110b et seq. Section 42-110b(a) provides, "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." The plaintiffs have not alleged that the injuries occurred in the conduct of trade or commerce, and accordingly the motion to strike count six should be granted.
The fifth count alleges bystander emotional distress. The CT Page 9925 defendant argues that the injury is not serious, and does not rise to the level contemplated by the Supreme Court, and the plaintiff's reaction is abnormal. To allege a cause of action in bystander emotional distress, "the injury to the victim must be substantial, resulting in either death or serious physical injury." Clohessy v.Bachelor, 237 Conn. 31, 53, 675 A.2d 852 (1996). "Any injury to one who is closely related to the bystander has an emotional impact. To a sensitive parent, witnessing a minor injury to his or her child could produce an emotional response and result in serious injury. Nevertheless, under those circumstances, a cause of action for bystander emotional distress will not lie . . . it is essential that the liability for bystander emotional distress be circumscribed." Id., 54.
The complaint alleges that Emily "suffered a displaced condylar fracture of the right elbow with 90% malrotation; was admitted for hospitalization as a result of her injuries; and suffered severe pain, suffering and emotional distress; and has been substantially limited in her usual life's activities." (Complaint, ¶ 7, Count 1). Whether an injury is substantial is normally a question of fact for the trier of fact, however the Supreme Court's language, that a cause of action will not lie for minor injuries, suggests that the plaintiff does have to plead a sufficiently serious injury to sustain a cause of action. While the injury does not appear to be "substantial, resulting in either death or serious physical injury," the court prefers to await further evidence and a decision by a trier of the fact.
The defendant also argued that Nancy's alleged reaction was abnormal. The count, however, alleges several reactions, and the court cannot selectively eliminate some words from a paragraph and not others. Edelwich v. 33 Sumner Associates, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0527767 (May 19, 1994, Hennessey, J.).
In summation, the defendant's motion to strike counts one and six are granted, and count five is reserved for a decision by the trial judge as to whether the evidence at the trial raises the issue to a question of fact.
RYAN, J.