[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MARCH 5, 1997
In her revised October 11, 1996 complaint, the plaintiff alleges the following. The plaintiff is a tenant of 65 Meadow Park Drive in Milford, Connecticut, which premises is owned and controlled by the landlord defendants. On December 5, 1993, the plaintiff slipped down the front steps and sustained serious physical injuries due to the defendants' negligence and/or carelessness. The home did not have gutters which permitted water from the roof to flow onto the steps, thereby creating a dangerous and unsafe condition. The first count sounds in negligence. The second count sounds in both public and private CT Page 2228 nuisance.
On December 4, 1996, the defendants filed a motion to strike the second count on the ground that the plaintiffs allegations are insufficient to state a claim in either public or private nuisance. On December 30, 1996, the court, Ripley, S.T.R., granted the defendant's motion to strike the second count.
On January 15, 1997, the plaintiff filed another revised complaint with the second count sounding only in private nuisance. On February 3, 1997, the defendants filed a motion to strike the second count on the ground that the plaintiff's allegations are insufficient to state a claim in private nuisance.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted). Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215
"A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id.
In their memorandum of law, the defendants argue that the claim for private nuisance must fail because such an action is not available to a tenant in control of the demised premises against the landlord. The plaintiff counters that she has properly stated a cause of action against the defendants for private nuisance and, that even though she was a tenant, the defendants had exclusive control over the steps on which she fell.
"There are two types of nuisance: public and private. [N]uisances are public where they violate public rights, and produce a common injury, and where they constitute an obstruction to public rights, that is, the rights enjoyed by citizens as part of the public." Couture v. Board of Education, 6 Conn. App. 309,314, 505 A.2d 432 (1986). In contrast, "[a] private nuisance exists only where one is injured in relation to a right which he enjoys by reason of his ownership of an interest in land." Webelv. Yale University, 125 Conn. 515, 525, 7 A.2d 215 (1939). CT Page 2229
"[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiff's injuries and damages." (Internal quotation marks omitted). State v. Tippetts-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 527 A.2d 688 (1987).
In the present case, the plaintiff has alleged facts in her revised complaint that comply with this four prong test. First, the plaintiff alleges that the "defective steps and roof was a condition created by the defendants which had the natural tendency to inflict injury . . ." Count Two, ¶ 4(a). The plaintiff then alleges that "the steps and roof was a continuing danger . . ." Count Two, ¶ 4(b). The plaintiff further alleges that the defendants "knew or in the exercise of reasonable care and inspection should have known that dangerous and defective conditions existed . . ." Count Two, ¶ 4(I). The plaintiff also alleges that the nuisance was the proximate cause of her injuries. Count Two, ¶ 5.
The next issue is whether a tenant may state a claim sounding in private nuisance "In the modern authorities [private nuisance] includes all injuries to an owner or occupier in the enjoyment of the property of which he is in possession without regard to the quality of the tenure." Webel v. Yale University, 125 Conn. 515,525, 7 A.2d 215 (1939). Since Webel several trial courts have permitted tenants to maintain an action founded in private nuisance. One trial court overruled the defendant's demurrer on the ground that the tenant plaintiff had a sufficient interest in the common passageway of a three family house to set forth a cause of action in nuisance. Jubb v. Maslanka, 22 Conn. Sup. 373,375, 173 A.2d 604 (1961). The Jubb court reasoned that "[t]he right to use the common stairway may be part of the leased premises even though the landlord remains in control thereof."Id.
"Connecticut courts have held, in effect, that a tenant injured by a defective condition on that part of the premises retained in the control of his landlord may plead a proper cause of action in private nuisance." Ayala v. B B Realty Co.,32 Conn. Sup. 58, 63, 337 A.2d 330 (1974). See also Gesswin v.CT Page 2230Beckwith, 35 Conn. Sup. 89, 397 A.2d 121 (1978); DiFrisco v.Shawmut Mortgage, Superior Court at Waterbury, Docket No. 115155 (December 3, 1993) (Kulawiz, J., 10 CONN. L. RPTR. 486).
These cases are distinguished from those in which the defect is in the demised premises. "When a tenant takes exclusive possession of demised premises, he ordinarily takes them as he find them . . ." Bentley v. Dynarski, 150 Conn. 147, 186 A.2d 791
(1962). "When a tenant takes exclusive possession of demised premises . . . no cause of action sounding in nuisance is available to the tenant against the landlord." Szponar v.Stasiak, Judicial District of Hartford-New Britain, at New Britain, Docket No. 452914 (July 19, 1993) (Goldberg, J.,8 CSCR 856).
In the present case, the plaintiff alleges that she was injured on the outside steps which were in the control of the landlord defendants. Count One, ¶ 3. In their memorandum of law in support of their motion to strike, the defendants argue that the tenant plaintiff "was in full possession and control of the demised premises, a single family home." Brief, Sec. III. "In ruling on a motion to strike . . . the [court is] limited to the facts alleged in the plaintiff's complaint." Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). "It is elementary that . . . a motion [to strike] must rely wholly upon the factual allegations of the pleading addressed and may not contain affirmative factual assertions which could only be proved by evidence." State v. Bashura, 37 Conn. Sup. 745, 748, 436 A.2d 785
(1981).
Therefore, the tenant plaintiff has alleged sufficient facts to state a cause of action sounding in private nuisance. Accordingly the court denies the defendants' motion to strike the revised second count.
FLYNN, J.