[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant moves to strike the first and second counts of CT Page 1912 the plaintiffs' complaint for failure to set forth a cognizable cause of action. The first count alleges that the defendant was the landlord of real property upon which an eleven-year-old female tenant was injured as a result of a hole dug by the defendant in a common area located in a rear yard of the duplex building in which the girl resided along with other tenants. This count alleges that these facts establish that the defendant created an absolute nuisance when he excavated the hole. The second count contains the same factual allegations and asserts a claim of negligent nuisance.
A motion to strike "admits all the facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings," Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985).
The defendant contends that a tenant cannot sue a landlord in nuisance for injuries sustained on the landlord's property. The defendant concedes; in its memorandum, that the plaintiffs have an ownership interest in the premises by virtue of their tenancy.
The plaintiffs counter that a tenant may sue a landlord in nuisance if the purported defective condition is located in a common area under the control of the landlord.
In Bentley v. Dynarksi, 150 Conn. 147 (1962), our Supreme Court held that a cause of action in nuisance was unavailable to the tenant against a landlord, Id., 153. In that case, however, the structural defect was located in an area controlled by the tenant. That opinion employs several paragraphs establishing the landlord's lack of control over the premises where the dangerous condition was alleged to exist. No appellate level decision has since addressed this issue.
The leading trial level decision concerning this question isJubb v. Maslanka, 22 Conn. Sup. 373 (1961). That case held that a tenant may bring a nuisance action against the landlord if the defective condition is in a common area, Id., 376. Except for the case of Muir v. Housing Authority, 24 Conn. Sup. 439 (1963), every reported Superior Court case dealing with this issue has followed the holding of Jubb v. Maslanka, supra; Roache v.Rogers, Superior Court, Fairfield J.D., d.n. CV98-354114 (July 26, 1999), Skolnick, J.; Sallisky v. Treetops Camping Club, Superior Court, Danbury J.D., d.n. 328646 (March 30, 1998),Moraghan, J.; Flavin v. Nolsen, Inc., Superior Court, Middletown CT Page 1913 J.D., d.n. CV95-77442 (May 15, 1997), Stanley, J.; Gendreau v.Vitti, Superior Court, Milford J.D., d.n. CV96-52879. (May 5, 1997), Flynn, J.; Hall v. Rivera, Superior Court, Milford J.D., d.n. 49449 (October 29, 1996), Skolnick, J.; Cruz v. CooperVillage Ltd Partnership, Superior Court, Waterbury J.D., d.n. 127543 (November 30, 1995) Sullivan, J.; Szporan v. Stasiak, Superior Court, Hartford J.D., d.n. CV92-452914 (July 19, 1993),Goldberg, J.; DiFrisco v. Shawmut Mortgage, Superior Court, Waterbury J.D., d.n. 115155 (November 30, 1993), Kulawiz, J.; andFonseca v. Lavado, 28 Conn. Sup. 509, 512 (1970).
The court adopts the reasoning of the overwhelming majority of Superior Court decisions and denies the motion to strike.
Sferrazza, J.