[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff's Joseph Colangelo, filed an amended, two count complaint against the defendant, Main Street Development Corporation, on August 16, 1999. The plaintiff alleges that he is the owner of a business known as "Valley Cycle" and is a tenant at #82 Main Street, Ansonia, Connecticut. He further alleges that there was a silk-screen printing business located at #76 Main Street, Ansonia, Connecticut. The plaintiff also alleges that the defendant was the owner, property manager and/or lessor of both premises. The plaintiff further alleges he sustained injuries as a result of inhaling toxic fumes coming from the silk-screen printing business. Count one alleges that the injuries were caused by the defendant's negligence and carelessness in that the defendant knew about the dangerous condition and did nothing to remedy it. Count two alleges that the toxic fumes that emanated from the silk-screen printing business were dangerous and injurious to the health of humans and constituted a nuisance. The defendant has not filed an answer.
The defendant moves for summary judgment as to both counts on the ground that there is no genuine issue of material fact and he is entitled to judgment as a matter of Law. The plaintiff objects to summary judgment and submits a memorandum of law.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Riverav. Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation CT Page 9605 marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double ATransportation, Inc., supra, 248 Conn. 24. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra,252 Conn. 201. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
The defendant argues that it purchased the premises in question in August of 1997 and that at that time, the plaintiff was already a tenant. (Defendant's Memorandum, p. 1.) The defendant also argues that "[t]he tenant who is in possession of the premises is ordinarily the proper party defendant. . . . [T]he proper party defendant would be the tortfeasor." (Defendant's Memorandum, p. 2.) The defendant also argues that "the lessee takes the demised premises with all the obvious defects." (Defendant's Memorandum, p. 2.) The defendant argues that since the plaintiff became aware of the risk in June of 1996, he cannot now claim a hidden risk. The defendant further argues that, upon being alerted to the problem, he notified all proper public agencies to remedy the situation. The defendant also argues that "the lessor is only liable to the tenant . . . if he has retained control or a portion of the premises, or if he has leased the premises with concealed defects or with defects known to him alone. . . . Clearly there can be no negligence action against this Defendant." (Defendant's Memorandum, p. 3.) Finally, the defendant argues that "[s]ince the only possible ground here for liability would be negligence, Plaintiff's right of recovery may always be barred by Plaintiff's own contributory negligence."
The plaintiff argues that he entered into a lease with Great Country Bank in 1995 for the premises in question. The plaintiff further argues that the defendant became the successor in interest to the 1995 lease. The plaintiff argues that the defendant retained control over the premises, including the heating ventilation and air conditioning (HVAC) and that the toxic fumes emanated through the HVAC system. The plaintiff further argues that the defendant did nothing to prevent the toxic fumes CT Page 9606 from entering the plaintiff's business. The plaintiff argues that a landlord is liable to a tenant for personal injuries due to the defective condition of the premises or lack of repair where the landlord retains control over the part of the premises which is claimed to be defective. The plaintiff argues that whether the lessor has reserved control of the premises is a question of fact unless clearly expressed in the lease. The plaintiff argues that there is a genuine issue of material fact as to the defendant's liabilities as an absentee landlord.
"`Connecticut subscribes to the common-law view that a landlord is under no obligation or liability to the tenant for personal injuries due to the defective condition of the demised premises or the lack of repair of defects therein in the absence of an agreement, express or implied to the contrary. . . . One of the many exceptions to this rule, however, is where the landlord retains control of a portion of the demised premises. In such a case the landlord must use reasonable care to keep that portion of the premises in a reasonably safe condition. . . In order to demonstrate a breach of this duty the plaintiff must show that the defendants had actual knowledge of the defect or that they were chargeable with constructive notice of it, because, had they exercised a reasonable inspection of the premises, they would have discovered it.' (Citations omitted.) Pollack v. Gampel, 163 Conn. 462, 468, 313 A.2d 73
(1972)." Mack v. LaValley, 55 Conn. App. 150, 162, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999).
The plaintiff submits an affidavit in which he states, "I told the property management agent at Main Street Development Corporation of [the toxic fumes] problem several times, but they never fixed the problem." (Plaintiff's Affidavit, ¶ 10.) The defendant in his affidavit also states that the plaintiff complained about the fumes. (Defendant's Affidavit, ~ ¶ 8.) The defendant clearly had knowledge of the problem. The plaintiff argues that the toxic fumes emanated from the HVAC system and states in his affidavit that the defendant had control over this system. (Plaintiff's Affidavit, ¶ 6.) The defendant does not refute this. The 1995 lease between the plaintiff and Great Country Bank states that the landlord shall be responsible for all exterior and structural repairs to the building. (Plaintiff's Exhibit 1, ¶ 12B.) The 1998 lease between the plaintiff and the defendant states that the lessor will not be required to make any repairs necessitated by the tenant's negligence or default. (Plaintiff's Exhibit 3, § 7, ¶ B.) This lease, however, does not state who is responsible for the HVAC system.
"Whether the defendant retained control of this area is essentially a matter of intention to be determined in the light of all the significant circumstances." Kirby v. Zlotnick, 160 Conn. 341, 343, 278 A.2d 822
CT Page 9607 (1971). "Whether the defendant retained control . . . presented a question of fact. . . ." Dinnan v. Jozwiakowski, 156 Conn. 432, 434,242 A.2d 747 (1968). "Because the question of control over the premises is a question of fact and involves the intent of the defendant, it should be resolved by the jury." Brown v. Bielawski, Superior Court, judicial district of Hartford-New Britain at New Britan, Docket No. 472801 (September 13, 1996, Arena, J). Because material factual issues exist as to the element of control, the defendant's motion for summary judgment as to count one is denied.
The defendant also argues that the plaintiff only has a claim in negligence and not in nuisance. "In Bentley v. Dynarksi, 150 Conn. 147, [186 A.2d 791] (1962), our Supreme Court held that a cause of action in nuisance was unavailable to the tenant against a landlord, Id, 153. In that case, however, the structural defect was located in an area controlled by the tenant. That opinion employs several paragraphs establishing the landlord's lack of control over the premises where the dangerous condition was alleged to exist. No appellate level decision has since addressed this issue." Goyette v. Abadir, Superior Court, judicial district of Windham at Putnam, Docket No. 61995 (February 15, 2000,Sferrazza, J.). This court notes, however, the reference made by the court in State v. Tippetts-Abbett-McCarthy-Stratton, 204 Conn. 177, 184,527 A.2d 688 (1987), which cited Bentley v. Dynarski, supra,150 Conn. 151-52, for the proposition that "a landlord's liability for nuisance caused by a defective condition on leased property is determined, in part, by whether the portion of the property on which the condition exists is in the landlord's control or the tenant's." State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 184.
"The leading trial level decision concerning this question is Jubb v.Maslanka, 22 Conn. Sup. 373 [173 A.2d 604] (1961). That case held that a tenant may bring a nuisance action against the landlord if the defective condition is in a common area, Id., 376. Except for the case of Muir v.Housing Authority, 24 Conn. Sup. 439 [193 A.2d 602] (1963), every reported Superior Court case dealing with this issue has followed the holding of Jubb v. Maslanka, supra; Roache v. Rogers, Superior Court, [judicial district of Fairfield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick, J.)]; Sallisky v. Treetops Camping Club, Superior Court, [judicial district of Danbury, Docket No. 328646 (March 30, 1998,Moraghan, J.)]; Flavin v. Nolsen, Inc., Superior Court, [judicial district of Middletown, Docket No. 77442 (May 15, 1997, Stanley, J.) (19 Conn.L.Rptr. 518)]; Gendreau v. Vitti, Superior Court, [judicial district of Ansonia-Milford at Milford, Docket No. 52879 (May 5, 1997,Flynn, J.) (19 Conn.L.Rptr. 70)]; Hall v. Rivera, Superior Court, [judicial district of Ansonia-Milford at Milford, Docket No. 49449 (October 29, 1996, Skolnick, J.)]; Cruz v. Cooper Village LtdCT Page 9608Partnership, Superior Court, [judicial district of Waterbury, Docket No. 127543 (November 30, 1995, Sullivan, J.)]; Szporan v. Stasiak, Superior Court, [judicial district of Hartford, Docket No. 452914 (July 19, 1993,Goldberg, J.)]; DiFrisco v. Shawmut Mortgage, Superior Court, [judicial district of Waterbury, Docket No. 115155 (November 30, 1993, Kulawiz,J.)]; and Fonseca v. Lavado, 28 Conn. Sup. 509, 512, [268 A.2d 415] (1970)." Govette v. Abadir, supra, Superior Court, Docket No. 61995.
"Like the other elements of the tort of nuisance, the question of whether a defendant maintains control over property sufficient to subject him to nuisance liability normally is a jury question." State v.Tippetts-Abbett-McCarthy-Stratton, supra, 204 Conn. 185; Lomangino v.LaChance Farm, Inc., 17 Conn. App. 436, 439, 553 A.2d 197 (1989).
This court agrees with the overwhelming majority of Superior Court decisions that allow a cause of action in nuisance against a landlord if the landlord retains control of the premises where there is an alleged defect. Therefore, the defendant's motion for summary judgment as to count two is denied.
The question of whether the defendant retained control over the property is a question of material fact. The defendant's motion for summary judgment as to counts one and two, therefore, is denied.
GROGINS, J.